UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
        v.                        )      CRIMINAL NO. 04-10306-PBS
                                  )
TREVOR CHARLTON                   )

DEFENDANT'S MOTION TO SUPPRESS STATEMENTS
AND PHYSICAL EVIDENCE

Defendant, Trevor Charlton, moves this Court to suppress evidence seized from his person, and statements attributed to him, on July 25, 2004. As grounds, the evidence and statements were obtained as a result of an arrest not based upon probable cause. Michigan v. Summers, 101 S.Ct. 2587 (1981); Wong Sun v. United States, 83 S.Ct. 407 (1963).

Moreover, assuming arguendo that defendant's arrest was lawful, the statements attributed to him must be suppressed because he was not advised of his Miranda rights until well after his interrogation had commenced. Miranda v. Arizona, 86 S.Ct. 1602 (1966); Missouri v. Seybert, 124 S.Ct. 2601 (2004).

FACTS[1]

On the evening of July 25, 2004, Brockton police received a report of a shooting at 83 Forest Avenue in Brockton. During the

_____

[1]    Except where noted, the foregoing facts are derived from Brockton police reports provided to defendant by the government. The reports fail to relate a clear, linear narrative of the events leading to defendant's arrest on the evening of July 25, 2004.

ensuing investigation, the police learned that the incident involved a stabbing rather than a shooting.

Police were also told that a suspect had left the scene of the incident in a taxi cab, and had been dropped off near 37 Ellsworth Street.

Police responded to 37 Ellsworth Street.  There they found five people, including defendant, standing in or about the front yard.  According to the attached affidavit of defendant, the police ordered all five people to step forward to the sidewalk with their hands on their heads.  All five people, including defendant, were then placed in handcuffs.

After the people were placed in handcuffs, detective Delehoy stepped up to the porch area of 37 Ellsworth and picked up a shirt he saw lying there.[2]  Delehoy found a firearm wrapped in the shirt.[3]

Defendant was placed in the rear of Sergeant Linehan's cruiser.  According to Linehan's report, Linehan advised defendant of his <u>Miranda</u> rights, then questioned defendant about the incident at 83 Forest Avenue and about the shirt the officers found at 37 Ellsworth.  According to Linehan, defendant made

---

[2]    Delehoy's report contradicts defendant's affidavit. Delehoy states that he inspected the clothing before the individuals were handcuffed.

[3]    The instant indictment charges defendant with being a felon in possession of this firearm.

incriminating statements while questioned in the cruiser, acknowledging that he had been in a confrontation at 83 Forest Avenue and that the shirt found by the officers, as well as a hat found nearby, belonged to him.

Defendant disputes that he was advised of his <u>Miranda</u> rights in the cruiser, and claims in his affidavit that he was not advised of <u>Miranda</u> until he was booked at the Brockton police station.

Defendant was further interrogated at the police station. According to Delehoy's report, defendant made further incriminating statements by saying that he had gone to 37 Ellsworth Street after the confrontation at 83 Forest Avenue, that he had grabbed the gun from the hallway where it had been hidden in a brown bag, and that he had wrapped the gun in the shirt just before the police arrived.

ARGUMENT

I.    THE EVIDENCE SEIZED FROM DEFENDANT'S PERSON AND THE
      STATEMENTS ATTRIBUTED TO HIM ON JULY 25, 2004 MUST BE
      SUPPRESSED AS FRUITS OF AN ARREST NOT BASED UPON PROBABLE
      CAUSE.

Seizures that resemble formal arrests must be supported by probable cause.  <u>Michigan v. Summers</u>, 101 S.Ct. 2587, 2593 (1981).

By ordering defendant to step forward, hands on head, and by placing him in handcuffs, the Brockton police effectuated what amounted to a de facto arrest of defendant.

The government bears the burden of establishing that a warrantless arrest was justified on the basis of probable cause. See United States v. Bizier, 111 F.3d 214, 217 (1st Cir. 1997). If the government fails, the evidence seized from defendant at the time of his arrest, and the statements attributed to him subsequent to his arrest, are fruits that must be suppressed. Wong Sun v. United States, 83 S.Ct. 407 (1963).

II.  DEFENDANT'S ALLEGED STATEMENTS MADE IN RESPONSE TO INTERROGATION BY SERGEANT LINEHAN MUST BE SUPPRESSED BECAUSE DEFENDANT WAS NOT INFORMED OF HIS RIGHTS UNDER MIRANDA V. ARIZONA, 86 S.Ct. 1602 (1966).

The prosecution may not use statements obtained through custodial interrogation of a defendant unless it demonstrates that the defendant was informed of his right to remain silent, that anything he says can be used against him in court, that he has the right to have a lawyer present during questioning, and that a lawyer will be provided for him if he cannot afford a lawyer.  Miranda v. Arizona, 86 S.Ct. 1602, 1630 (1966).

It is beyond dispute that defendant was in custody on July 25, 2004, at least by the time he was interrogated in the rear of Sgt. Linehan's cruiser.  Thus, the government bears the burden of proving that defendant was informed of his rights under Miranda.

<u>Miranda</u>, 86 S.Ct. at 1612.  If the government fails, the statements must be suppressed.[4]

III. DEFENDANT'S ALLEGED STATEMENTS MADE IN RESPONSE TO INTERROGATION AT THE BROCKTON POLICE STATION MUST BE SUPPRESSED BECAUSE DEFENDANT DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVE HIS <u>MIRANDA</u> RIGHTS.

Defendant concedes that he was advised of his <u>Miranda</u> rights during the booking process at the Brockton police station, prior to his continued interrogation there.  This midstream administration of <u>Miranda</u> warnings was insufficient to place defendant in a position to knowingly waive his <u>Miranda</u> rights. <u>Missouri v. Seybert</u>, 124 S.Ct. 2601, 2611 (2004)("[W]hen <u>Miranda</u> warnings are inserted in the midst of coordinated and continuing interrogation, they are likely to mislead and 'depriv[e] a defendant of knowledge essential to his ability to understand the nature of his rights and the consequences of abandoning them.'")(quoting <u>Moran v. Burbine</u>, 106 S.Ct. 1135, 1142 (1986)).

---

[4]     Even if the government can prove that defendant was informed of his rights, the statements still must be suppressed unless the government can show by a preponderance of the evidence that defendant knowingly, intelligently, and voluntarily waived those rights.  <u>Missouri v. Seybert</u>, 124 S.Ct. 2601, 2608 n.1 (2004)(citing <u>Colorado v. Connelly</u>, 107 S.Ct. 515, 522 (1986)).

<u>REQUEST FOR EVIDENTIARY HEARING</u>

Defendant requests an evidentiary hearing on this motion.

TREVOR CHARLTON
By his attorney,

/s/ J. Martin Richey

J. Martin Richey
   B.B.O. # 559902
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02210
Tel: 617-223-8061

May 2, 2005