```
                    UNITED STATES DISTRICT COURT
                                                    EXHIBIT B
                      DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA     )
                             )
        v.                   )   CRIMINAL NO. 04-10306-PBS
                             )
TREVOR CHARLTON              )

<u>AFFIDAVIT OF COUNSEL</u>

   The following is true to the best of my information and belief:

1. Juror questionnaires designed to identify racial bias are utilized routinely in this district.

2. I was defense counsel in the case of <u>United States v. Franklyn Liranzo</u> which was tried before Lindsay, J. in June 2002. In that case the defendant was a dark skinned Hispanic male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire on racial bias. **Approximately 25% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

3. I was defense counsel in the case of <u>United States v. Dondi Willis</u> which was tried in October 2003 before Lasker, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Approximately 20% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

4. I was defense counsel in the case of <u>United States v. Jean Brito</u> which was tried in January 2004 before Lindsay, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Sixteen out of fifty (Approximately 32%)** of the jurors indicated racial bias on their juror questionnaire.

5. I was defense counsel in the case of <u>United States v. David Seymour</u> which was tried in October 2005 before Tauro, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. A significant percentage of the jurors (counsel's memory is that the figure was **approximately 20%**) indicated racial bias on their juror questionnaire.

6.  The defendant in the present case is a black male.

7.  The venire in United States Federal District Court for this circuit is over 95% White/Caucasian.

8.  The limited juror questionnaire (two questions) is necessary due to the risk of racial prejudice affecting the defendant's right to a fair trial.

                                      /s/ Catherine K. Byrne
                                      Catherine K. Byrne

February 27, 2006