UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10306-PBS |
| | ) | |
| TREVOR CHARLTON | ) | |

**GOVERNMENT'S RESPONSES TO DEFENDANT'S MOTIONS IN LIMINE**

The government respectfully submits herewith its response to the defendant's motions in limine.

**Paul Roberson's Criminal Record Should Be Excluded**

As anticipated by the government's motion in limine, the defendant has moved under Fed. R. Evid. 404(b) for admission of the previous conviction of Paul Roberson for unlawful possession of a firearm.  The defendant argues that "evidence of Roberson's prior gun possession is plainly relevant, as he was standing in close proximity to the firearm charged in this case."  But, as argued in the government's motion in limine seeking to exclude this evidence, Rule 404(b) expressly provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Here, the Roberson conviction is relevant only for this forbidden purpose: the defendant seeks its admission in order to suggest to the jury that, because he possessed a firearm on a prior occasion, he likely possessed it on this occasion.  As noted in the government's motion in limine, such a use of 404(b) evidence is impermissible, even when offered by a defendant.

<u>United States v. Lucas</u>, 357 F.3d 599, 605-06 (6th Cir. 2004)(district court properly excluded evidence proffered by defendant in drug case that third party had previously been convicted of cocaine offense).

The case cited by the defendant in support of the motion, <u>United States v. Stevens</u>, 935 F.2d 1380, 1402 (3d Cir. 1991), is readily distinguishable.  In <u>Stevens</u>, the 404(b) evidence proffered by the defendant tended to show that a crime very similar in material respects to the crimes with which the defendant was charged had not been committed by the defendant, evidence that would have supported the defendant's theory that all three similar crimes were committed by the same person and that that person was not him.  Here, the only apparent similarity between the Roberson conviction and the crime charged in the case at bar is that both entailed gun possession.  The Roberson conviction is thus classic propensity evidence that is inadmissible under Rule 404(b) and should be excluded.

**This Court Should Not Preclude Use of the Term "Felony" or "Felon"**

The defendant also has moved that the terms "felon" and "felony" not be used at trial, arguing that such terms are not used in the relevant statute, which instead speaks in terms of a "crime punishable by imprisonment for a term exceeding one year." But the common definition of "felony" is precisely that: an

2

offense punishable by imprisonment for a term exceeding one year. See, e.g., U.S.S.G. § 2L1.2, comment. n.2. There is nothing in the definition at issue here, 18 U.S.C. § 921(a)(20), that provides that the felon-in-possession statute can apply to anyone previously convicted of an offense punishable only by a year or less. To the contrary, the definition of "crime punishable by a term of imprisonment exceeding one year" is *narrower* than the common definition of felony under federal law: it does not include certain crimes at all that otherwise are felonies, such as antitrust violations, and it does not include offenses that a state calls misdemeanors and are punishable by two years or less. The offenses that do satisfy the definition all readily meet the ordinary definition of "felony" under federal law.

Moreover, courts discussing offenses under 18 U.S.C. § 922(g)(1), including the First Circuit, routinely use the terms "felon" and "felony." See, e.g., United States v. Chevere, 368 F.3d 120 (2d Cir. 2004); United States v. Darrington, 351 F.3d 632 (5th Cir. 2003); United States v. Snyder, 235 F.3d 42 (1st Cir. 2000).

Finally, the government does not believe use of the term "felon" or "felony" has the prejudicial effect the defendant perceives. Rather, the terms are simply short-hand – and accurate – words to use in the place of the otherwise unnecessarily wieldy phrase "crime punishable by imprisonment for

a term exceeding one year."

Accordingly, the defendant's motion should be denied.

**Officers' Prior Knowledge of the Defendant**

The defendant has moved to exclude certain testimony of the Brockton Police regarding their prior knowledge of the defendant. As the defendant accurately notes, officers at the suppression hearing indicated that they knew the defendant prior to July 25, 2004 as either "Kurt" or "Kirk"; that, based on a radio broadcast using this as the name of the suspect involved in what then was believed to be a shooting, they believed the reference to be the defendant; and that they knew the defendant either to have been convicted previously for felonies, including assaults and batteries involving knives, or to have been charged with such offenses.

The government does not intend to elicit from the officers testimony about how they knew the defendant previously, including that they knew him to have previous arrests and convictions. The government does, however, intend to elicit testimony that officers responding to the scene of what initially was reported as a shooting heard that a person named "Kurt" had left that scene in a cab and proceeded to Ellsworth Street; that they knew that name to be a nickname used by the defendant; and that they believed the reference to be to him. This evidence can be adduced without indicating that the police knew the defendant

4

based on past arrests and convictions.  It is, moreover, necessary in order to explain the officers' conduct when they arrived at Ellsworth Street, including their actions in approaching the defendant and the others in the first place and in handcuffing them when the gun was discovered.

### CONCLUSION

For the foregoing reasons, this Court should deny the defendant's motions in limine except to the extent set forth above.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /S/Robert E. Richardson
ROBERT E. RICHARDSON
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I, Robert E. Richardson, hereby certify that this documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 1, 2006.

/s/Robert E. Richardson
ROBERT E. RICHARDSON

5