UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
          v.                      )     CRIMINAL NO. 04-10306-PBS
                                  )
TREVOR CHARLTON                   )

DEFENDANT'S RESPONSE TO
GOVERNMENT'S MOTION IN LIMINE

Introduction.

The government seeks, pursuant to Fed.R.Evid. 404(b), to admit evidence (1) that defendant stabbed Pedro Andrade prior to the discovery of the firearm, and (2) that defendant stated to Brockton detectives, during an interview after his arrest, that he is a drug dealer.[1] Defendant concedes that evidence of the stabbing is admissible under Fed.R.Evid. 404(b) on the issue of motive, and will seek an appropriate limiting instruction.[2]

---

[1]      This statement is memorialized nowhere.  At the hearing on defendant's Motion to Suppress, Detective Hilliard testified that, during post-arrest questioning at the Brockton police station, defendant said he thought he had been attacked by Andrade because he was known in the streets as a drug dealer who carried a lot of money.

[2]      The government initially argues that evidence concerning the stabbing does not even implicate Fed.R.Evid. 404(b) because it is "inextricably intertwined" with the gun possession (see Govt. Mem. at 8-9).  This argument is mistaken. The firearm possession charged here could easily be tried without reference to the stabbing at all (the government alleges, in part, that the police arrived at 37 Ellsworth and found defendant within inches of the gun).  Evidence of the stabbing, though from a broader perspective intertwined with some of the government's proof of firearm possession, is still extrinsic to the offense charged.  See, e.g., United States v. Rodriguez-Estrada, 877 F.2d 153, 156 (1st Cir. 1989).

Defendant objects, however, to the admission of any statements
that he dealt drugs.

Argument.

EVIDENCE OF DEFENDANT'S ALLEGED PRIOR DRUG DEALING SHOULD BE
EXCLUDED BECAUSE IT IS MARGINALLY RELEVANT AND SUBSTANTIALLY
PREJUDICIAL.

The government seeks to introduce defendant's statements
concerning drug dealing in order to establish that defendant had
a motive to possess the gun.[3]  Apart from defendant's statements,
however, no evidence of drugs or drug dealing was found during
the course of this investigation.

While cases from this and other circuits have held that
evidence of drug-dealing may be admissible under Fed.R.Evid.
404(b) on the issue of motive, the evidence of drug-dealing in
those cases was closely intertwined with the charged offense of
illegal firearm possession.  See, e.g., United States v. Thomas,
242 F.3d 1028, 1030-33 (11th Cir. 2001) (guns found during search
warrant executed on basis of evidence of drug-dealing); United
States v. Smith, 292 F.3d 90, 98-101 (1st Cir. 1997) (gun and
drug paraphernalia found in apartment with defendant)[4]; United

---

[3]    The more compelling motive, of course, is that
defendant obtained the weapon in order to protect himself from an
anticipated reprisal by Andrade.  That is why, in large part,
evidence of the stabbing is admissible under Fed.R.Evid. 404(b).

[4]The government relies exclusively on Smith for the
proposition that evidence of prior drug-dealing is admissible to
establish motive.  See Govt Mem. at 10.  However, the court in

2

States v. Butcher, 926 F.2d 811, 813, 816 (9th Cir. 1991) (gun

and drugs found in car with defendant); United States v. Fuller,

887 F.2d 144, 147 (8th Cir. 1989) (gun and drug paraphernalia

found in apartment with defendant); United States v. Simon, 767

F.2d 524, 527 (8th Cir. 1985) (same).  In each of the cases

cited, guns and drugs were found at the same location, or

evidence of drug-dealing led directly to the recovery of the

firearm.  See id.

By contrast, in the instant case, there was no actual drug

evidence recovered, and the events which led to the recovery of

the gun were unrelated to any drug transaction.  Defendant's

statements to the police regarding past drug-dealing are relevant

only to his own theory as to why he was attacked in the first

place, which is at most tangentially relevant to the offense

charged.  See United States v. Currier, 821 F.2d 52, 56 (1st Cir.

1987).  Any evidence that defendant had engaged in prior drug

dealing would therefore be, "at most, only tangentially probative

---

Smith also found that evidence of drug-dealing had "special
relevance" for two additional reasons in that case:  because the
defendant's drug operation demonstrated his control over the
apartment where the gun was recovered; and because the
government's informant had been in a position to see the gun
during a drug transaction.  Smith, 292 F.3d at 99.  Smith is
therefore distinguishable because such other justifications are
not present in this case.  Rather, the evidence the government
seeks to introduce here would encourage the jury to find the
defendant guilty because he had criminal propensities, which is
an illegitimate purpose for admission under Fed.R.Evid. 404(b).
Id.; see United States v. Burke, 948 F.2d 23, 26 (1st Cir. 1991).

on the issue of [firearm] possession." Currier, 821 F.2d at 56.

Since evidence of past drug-dealing is only marginally relevant

and "not necessary to complete the story of the crime," and,

moreover, since its relevance is substantially outweighed by

unfair prejudice to the defendant, the evidence should be

excluded. See id.

Furthermore, the First Circuit has held that where evidence

of multiple prior bad acts under Fed.R.Evid. 404(b) is separable,

a trial judge should limit the prosecutor's presentation to the

more relevant evidence and restrict inquiry into the unfairly

prejudicial details. See United States v. Burke, 948 F.2d 23, 27

(1st Cir. 1991), citing Currier, 821 F.2d at 56. In Burke, the

court found that prejudicial evidence under Fed.R.Evid. 404(b) is

admissible when it is "essentially inseparable" or "inextricably

tied" to the facts of the case, but not when it is "reasonably

separable" from the charged offense and unfairly prejudicial to

the defendant. Burke, 948 F.2d at 27.

Here, evidence of the stabbing is easily separable from

defendant's statements regarding past drug dealing. The drug

dealing evidence should, consequently, be excluded.

CONCLUSION

     For the foregoing reasons, the defendant respectfully requests that the government's motion in limine with respect to defendant's statements of prior drug-dealing be DENIED.

TREVOR CHARLTON
By his attorneys,

/s/ J. Martin Richey
J. Martin Richey
   B.B.O. # 559902

/s/ Catherine K. Byrne
Catherine K. Byrne
   B.B.O. #543838

Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02210
Tel: 617-223-8061

Certificate of Service

    I, J. Martin Richey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 2, 2006.

/s/ J. Martin Richey
J. Martin Richey