UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
        v.                     )       CRIMINAL NO. 04-10306-PBS
                               )
TREVOR CHARLTON                )

DEFENDANT'S MOTION IN LIMINE
TO ADMIT EVIDENCE OF PRIOR GUN POSSESSION
<u>BY STEVE ST. LOUIS</u>

Defendant hereby respectfully moves that the Court permit

him to introduce in evidence, pursuant to Fed.R.Evid. 404(b),

evidence that Steve St. Louis -- an individual who was standing

in  close proximity to the firearm that defendant is charged with

possessing -- was convicted in November, 2005 of unlawfully

possessing a firearm.[1]

Defendant's basis for offering this evidence is the same as

that for offering evidence of Paul Roberson's prior gun

possession:  evidence regarding other crimes is admissible by a

defendant in a criminal case if such evidence tends to negate the

defendant's guilt.  Such evidence is a "variant of Fed.R.Evid.

404(b), known as 'reverse 404(b) evidence.'"  <u>United States v.

Stevens</u>, 935 F.2d 1380, 1402 (3rd Cir. 1991).  A defendant may

introduce other crimes evidence if it is relevant in that it

tends to negate the defendant's guilt (Fed.R.Evid. 401), and if

---

[1]    Steve St. Louis was convicted in the Brockton District
Court on November 15, 2005 for the unlawful possession of a
firearm on May 12, 2005 (M.G.L. ch. 269, § 10(h)).

its probative value is not outweighed by confusion of the issues, undue delay, or misleading the jury (Fed.R.Evid. 403).[2] Id. at 1405; see also United States v. Miller, 2004 WL 2612420 (E.D.Pa. Nov. 16, 2004) at *2.

Here, evidence of St. Louis's unlawful gun possession just months after the possession alleged here is relevant, as Mr. St. Louis was standing in close proximity to the firearm charged in this case. Furthermore, proof of the unlawful gun possessions is straightforward: defendant will establish the 2005 conviction by calling one of the arresting officers and offering a certified

---

[2]    Prejudice to the defendant is not a consideration since the defendant is offering the evidence exculpatorily. See United States v. Miller, 2004 WL 2612420 (E.D.Pa. Nov. 16, 2004) at *2.

copy of the conviction.  There is thus a low likelihood that the issue will cause delay or confusion.

                                    TREVOR CHARLTON
                                    By his attorneys,

                                    /s/ J. Martin Richey
                                    J. Martin Richey
                                       B.B.O. # 559902

                                    /s/ Catherine K. Byrne
                                    Catherine K. Byrne
                                       B.B.O. #543838

                                    Federal Defender Office
                                    408 Atlantic Ave., 3rd Floor
                                    Boston, MA  02210
                                    Tel: 617-223-8061

                        <u>Certificate of Service</u>
    I, J. Martin Richey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 8, 2006.

                                    /s/ J. Martin Richey
                                    J. Martin Richey