```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

**UNITED STATES OF AMERICA**      )
                                  )
      v.                          )      CRIMINAL NO. 04-10306-PBS
                                  )
**TREVOR CHARLTON**               )

## GOVERNMENT'S MOTION TO PRECLUDE INQUIRY
## INTO JUVENILE ADJUDICATIONS

The government respectfully moves this Court to preclude inquiry at the trial of this case into juvenile adjudications sustained by one of its witnesses.  The Bureau of Probation record for said witness reveals charges brought in juvenile court in 2002 for obstructing justice, resisting arrest, and being a disorderly person, which were dismissed; an adjudication from 2001 for possession of a class D substance; separate adjudications from 2000 for assault and battery, threatening, and being a disorderly person; a 2000 charge for disturbing a school assembly, which was dismissed; and 1999 charges for using a motor vehicle without authority and knowingly receiving stolen property, which were dismissed.

    Rule 609(d) of the Federal Rules of Evidence provides:

> Evidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of guilt or innocense.

In this case, none of the adjudications is probative of credibility. Accordingly, there is no reason in this case to depart from the general principle of exclusion that applies with respect to juvenile adjudications.

This Court should also preclude inquiry regarding two adult charges: a 2005 charge for operating a motor vehicle after a suspended license, which ultimately was dismissed, and a 2003 charge for sexual conduct for a fee, which also was dismissed. Neither charge implicates credibility and thus the facts underlying neither is admissible under Rule 608(b).

Accordingly, the government respectfully requests that the Court preclude inquiry at the trial of this case into the witness's juvenile adjudications and/or the facts underlying charges the witness has faced as a juvenile or adult.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By: /S/Robert E. Richardson
> ROBERT E. RICHARDSON
> Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, Robert E. Richardson, hereby certify that this documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 14, 2006.

> /s/Robert E. Richardson
> ROBERT E. RICHARDSON