as the briefing schedule established by the Magistrate Judge;

(4) The total amount of time that has been ordered excluded thus far and the amount of time remaining under the Speedy Trial Act before trial must commence, and whether there are any pending or anticipated motions that will cause additional excludable time for Speedy Trial Act purposes;

(5) The estimated length of trial;

(6) Any other matters relevant to the progress or resolution of the case.

Adopted September 8, 1998, effective December 1, 1998.

### RULE 116.6 DECLINATION OF DISCLOSURE AND PROTECTIVE ORDERS

(A) **Declination.** If in the judgment of a party it would be detrimental to the interests of justice to make any of the disclosures required by these Local Rules, such disclosures may be declined, before or at the time that disclosure is due, and the opposing party advised in writing, with a copy filed in the Clerk's Office, of the specific matters on which disclosure is declined and the reasons for declining. If the opposing party seeks to challenge the declination, that party shall file a motion to compel that states the reasons why disclosure is sought. Upon the filing of such motion, except to the extent otherwise provided by law, the burden shall be on the party declining disclosure to demonstrate, by affidavit and supporting memorandum citing legal authority, why such disclosure should not be made. The declining party may file its submissions in support of declination under seal pursuant to L.R. 7.2 for the Court's in camera consideration. Unless otherwise ordered by the Court, a redacted version of each such submission shall be served on the moving party, which may reply.

(B) **Ex Parte Motions for Protective Orders.** This Local Rule does not preclude any party from moving under L.R. 7.2 and ex parte (i.e. without serving the opposing party) for leave to file an ex parte motion for a protective order with respect to any discovery matter. Nor does this Local Rule limit the Court's power to accept or reject an ex parte motion or to decide such a motion in any manner it deems appropriate.

Adopted September 8, 1998, effective December 1, 1998.

### RULE 116.7 DUTY TO SUPPLEMENT

The duties established by these Local Rules are continuing. Each party is under a duty, when it learns that a prior disclosure was in some respect inaccurate or incomplete to supplement promptly any disclosure required by these Local Rules or by the Federal Rules of Criminal Procedure.

Adopted September 8, 1998, effective December 1, 1998.

### RULE 116.8 NOTIFICATION TO RELEVANT LAW ENFORCEMENT AGENCIES OF DISCOVERY OBLIGATIONS

The attorney for the government shall inform all federal, state, and local law enforcement agencies formally participating in the criminal investigation that resulted in the case of the discovery obligations set forth in these Local Rules and obtain any information subject to disclosure from each such agency.

Adopted September 8, 1998, effective December 1, 1998.

### RULE 116.9 PRESERVATION OF NOTES

(A) All contemporaneous notes, memoranda, statements, reports, surveillance logs, tape recordings, and other documents memorializing matters relevant to the charges contained in the indictment made by or in the custody of any law enforcement officer whose agency at the time was formally participating in an investigation intended, in whole or in part, to result in a federal indictment shall be preserved until the entry of judgment unless otherwise ordered by the Court.

(B) These Local Rules do not require the preservation of rough drafts of reports after a subsequent draft or final report is prepared.

(C) These Local Rules do not require modification of a government agency's established procedure for the retention and disposal of documents when the agency does not reasonably anticipate a criminal prosecution.

Adopted September 8, 1998, effective December 1, 1998.

### RULE 117.1 PRETRIAL CONFERENCES

(A) **Initial Pretrial Conference.** After receiving the Magistrate Judge's Final Status Report, and at least thirty (30) days before trial, or at the earliest practicable shorter time before trial consistent with the Speedy Trial Act, the judge who will preside at trial must conduct an Initial Pretrial Conference which counsel who will conduct the trial must attend. At the Initial Pretrial Conference the judge must:

(1) Attempt to determine if the case will be resolved by a guilty plea, a plea of nolo contendere, or dismissal;

(2) If necessary, schedule a hearing on any motion to dismiss, suppress, or sever or any other motion requiring pretrial resolution;

(3) Establish a reliable trial date;

(4) Unless the declination procedure provided by L.R. 116.6 has previously been invoked, order the government to disclose to the defendant no later than twenty-one (21) days before the trial date:

(a) The exculpatory information identified in L.R. 116.2.

EXHIBIT A