UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10306-PBS |
| ) | |
| **TREVOR CHARLTON** ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT**

The government respectfully submits herewith its opposition to Defendant's Motion to Dismiss Indictment (the "Motion").

By the Motion, the defendant seeks dismissal of the indictment on double jeopardy grounds, contending that this Court's declaring of a mistrial on March 20, 2006, on the sixth day of trial on a single-count indictment, contravened his right to have his guilt or innocence determined by the jury to which the case was first presented.  See Motion at 3.  More specifically, the defendant claims that the government cannot establish that the mistrial was a "manifest necessity."  The defendant, however, is incorrect, and this Court should deny the Motion accordingly.

In United States v. McIntosh, 380 F.3d 548, 553 (1st Cir. 2004), the First Circuit recognized that mistrials are appropriate in the case of manifest necessity, and that "[i]n this context, a hung jury is the paradigmatic example of manifest necessity" (citation omitted).  The First Circuit has identified three helpful factors for accessing a decision to grant a mistrial (although the court has also cautioned that these

factors serve only as a starting point): (1) whether the trial court consulted with counsel; (2) whether the court considered alternatives to a mistrial; and (3) whether the court adequately reflected on the circumstances before making a decision. McIntosh, 380 F.3d at 554.  Here, consideration of all three factors supports this Court's decision.

First, as the defendant's recitation of the facts makes clear, the Court did consult with counsel.  See Motion at 1-3. Indeed, the Court not only consulted with counsel, but at times refrained from taking action at defense counsel's behest. Specifically, after approximately a day of deliberating, the jury declared itself at an impasse for the first time; while the Court's inclination was to deliver an Allen charge at that juncture, the Court ultimately did no do so when defense counsel objected.  See Motion at 2.  At other junctures the Court continued to consult with – although not necessarily agree with – counsel.

Second, the Court did consider alternatives to a mistrial – specifically, the alternative that the jury continue to deliberate.  The Court instructed the jury to continue to deliberate when the jury declared itself deadlocked for the first time, after almost a full day of deliberations.  Near the end of the day, when the jury had again informed the Court that it was deadlocked, the Court, after reading an Allen charge, again

considered the alternative of having the jury continue deliberations when it sent the jury to determine whether the members thought they could return on Monday having in mind the Allen charge.  When the jury returned and expressed a desire to return to continue deliberations, the Court instructed the jury to do so.  It was only the following Monday, when the jury declared itself deadlocked for the third time, now after almost two full days of deliberations, that the Court declared a mistrial, having determined that continued deliberations would not be fruitful.

Third, the record shows that the Court more than adequately reflected on the circumstances before declaring a mistrial.  While the defendant maintains that "[t]he Court's tone throughout the jury's deliberations was one of impatience," Motion at 4, the government instead perceived the court as conducting its duty under McIntosh.  The fact of the matter is that the case *was* simple.  There was only one charge: that the defendant was a felon in possession of a firearm.  The parties stipulated to the defendant's previous conviction, so that was not an issue.  There was no serious dispute as to interstate nexus.  Indeed, while the defendant adverts to complex DNA evidence, there was no serious dispute that it was Pedro Andrade's blood that was found on the sweatshirt in which the firearm was located.  The only real issue was whether the government had proved that the defendant

possessed the firearm.  As the Court aptly noted during the deliberations, the jury ultimately spent considerably more time deliberating than was required to put the evidence in.  This observation, far from reflecting impatience, was an accurate and highly relevant consideration.

In sum, this Court acted well within its discretion when, upon being advised for the third time that the jury was deadlocked, it concluded that further deliberations would not be fruitful and declared a mistrial.

The defendant also suggests that the Court erred in both delivering an <u>Allen</u> charge and soliciting from the jurors their input as to whether further deliberations on Monday would be worthwhile.  Motion at 6-9.  The defendant suggests that this was error, for two reasons: because the procedure undermined the <u>Allen</u> charge, and because the procedure suggested a view of the Court that the jury had deliberated long enough.  The defendant's plaint fails on a number of levels, but, most fundamentally, because it is belied by the empirical evidence: the jurors plainly did not take the procedure as an indication that they had deliberated long enough, and plainly did take seriously the <u>Allen</u> charge, because they informed the Court that they did desire to continue deliberations the following Monday, and then appeared and did so, albeit to an ultimate impasse.

## CONCLUSION

For the foregoing reasons, this Court should deny the Motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /S/Robert E. Richardson
ROBERT E. RICHARDSON
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Robert E. Richardson, hereby certify that this documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 5, 2006.

/s/Robert E. Richardson
ROBERT E. RICHARDSON