UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10306-PBS |
| | ) | |
| TREVOR CHARLTON | ) | |

<u>AFFIDAVIT OF COUNSEL</u>

   The following is true to the best of my information and belief:

1.  A similar questionnaire was used by this court in the trial of this case on March 13, 2006.

2.  Juror questionnaires designed to identify racial bias are utilized routinely in this district.

3.  I was defense counsel in the case of <u>United States v. Franklyn Liranzo</u> which was tried before Lindsay, J. in June 2002. In that case the defendant was a dark skinned Hispanic male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire on racial bias. **Approximately 25% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

4.  I was defense counsel in the case of <u>United States v. Dondi Willis</u> which was tried in October 2003 before Lasker, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Approximately 20% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

5.  I was defense counsel in the case of <u>United States v. Jean Brito</u> which was tried in January 2004 before Lindsay, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Sixteen out of fifty (Approximately 32%)** of the jurors indicated racial bias on their juror questionnaire.

6.  I was defense counsel in the case of <u>United States v. David Seymour</u> which was tried in October 2005 before Tauro, J.  In that case the defendant was a black male and the charges were felon in possession of a firearm.  Counsel requested and was granted a juror questionnaire.  A significant percentage of the jurors (counsel's memory is that the figure was close to 20%) indicated racial bias on their juror questionnaire.

7.  The defendant in the present case is a black male.

8.  The venire in United States Federal District Court for this circuit is over 95% White/Caucasian.

9.  The limited juror questionnaire (two questions) is necessary due to the risk of racial prejudice affecting the defendant's right to a fair trial.

_____   _____
Catherine K. Byrne         Date