UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
          v.                      )     CRIMINAL NO. 04-10306-PBS
                                  )
TREVOR CHARLTON                   )

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, defendant, Trevor Charlton, requests the Court to include the following instructions in its charge to the jury.  Defendant reserves the right to supplement or amend these requests.

TREVOR CHARLTON
By his attorneys,

/s/ Catherine K. Byrne
Catherine K. Byrne
   B.B.O. #543838

/s/ Stylianus Sinnis
Stylianus Sinnis
   B.B.O. #560148
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

### Certificate of Service

I, Catherine K. Byrne, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 25, 2007.

/s/ Catherine K. Byrne
Catherine K. Byrne

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

PRESUMPTION OF INNOCENCE

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone is sufficient to acquit the defendant unless the jurors are convinced beyond a reasonable doubt of his guilt after a careful and impartial consideration of all the evidence in the case. Taylor v. Kentucky, 436 U.S. 478, 479 n.5 (1978). The defendant before you, Trevor Charlton, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Charlton has the right to rely upon the failure or inability of the government to establish beyond a

reasonable doubt any essential element of a crime charged against him.  Never does the defendant have the burden to prove his innocence.

On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of defendant's guilt of a particular crime, you should vote to convict him.  If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, you are duty bound to acquit him of that crime.

See Pattern Criminal Jury Instructions for District Courts, 3.02; Vol. 1A, K. O'Malley, J. Grenig & W. Lee, Federal Jury Practice and Instructions, Sec. 12.10 (5th ed. 2000); Taylor v. Kentucky, 436 U.S. 478, 479 n.5 (1978).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2</u>

PROOF BEYOND A REASONABLE DOUBT

The burden is upon the Government to prove beyond a reasonable doubt that the defendant is guilty of the charge made against him.  It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt.  Proof beyond a reasonable doubt is the highest standard of proof known to the law.  It requires that the evidence exclude any reasonable doubt concerning the defendant's guilt.  It means that you – the jurors– may not convict Mr. Charlton unless and until you have reached a subjective state of near certitude that he is guilty.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions — one that a defendant is guilty as charged, the other that the defendant is not guilty — you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more

likely to be true than not true.  That is not enough to meet the
burden of proof beyond a reasonable doubt.  On the other hand,
there are very few things in this world that we know with
absolute certainty, and in criminal cases the law does not
require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct
you that what the Government must do to meet its heavy burden is
to establish the truth of each part of each offense charged by
proof that convinces you and leaves you with no reasonable doubt,
and thus satisfies you that you can, consistently with your oath
as jurors, base your verdict upon it.  If you so find as to a
particular charge against a defendant, you will return a verdict
of guilty on that charge.  If, on the other hand, you think there
is a reasonable doubt about whether the defendant is guilty of a
particular offense, you must give the defendant the benefit of
the doubt and find the defendant not guilty of that offense.

Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 2787
(1979); Sandoval v. Kentucky, 114 S.Ct. 1239, 1246 (1994); United
States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3</u>

IF DEFENDANT DOES NOT TESTIFY

You may have noticed that Mr. Charlton did not testify at this trial.  The defendant has an absolute right not to testify, since the entire burden of proof in this case is on the government to prove that the defendant is guilty.  No inference of guilt, or anything else, may be drawn from the fact that Mr. Charlton did not testify.  It is not up to the defendant to prove that he is innocent.

Under our system of law, a defendant has a perfect right to say to the government, "You have the burden of proving your case against me beyond a reasonable doubt.  I do not have to say a word."

The fact that the defendant did not testify has nothing to do with the question of whether he is guilty or not guilty.  So you are not to consider it in any way, or even discuss it in your deliberations.  You must determine whether the government has proved its case against the defendant based solely on the testimony of the witnesses who did testify and the exhibits that were introduced.

<u>Carter v. Kentucky</u>, 450 U.S. 288, 299-303 (1981); <u>Bruno v. United States</u>, 303 U.S. 287, 293-94.  <u>See also</u> <u>United States v. Ladd</u>, 877 F.2d 1083, 1089 (1st Cir. 1989).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

LAW ENFORCEMENT WITNESSES

You have heard the testimony of several law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, at ¶7.01 (Instruction No. 7-16).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5</u>

FAILURE TO PRESERVE NOTES OR TO RECORD STATEMENTS

In this case you heard evidence that police officers did not record the interview of Mr. Charlton.  You have also heard testimony that the only handwritten notes taken during the unrecorded portion of the interview were destroyed.  To the extent that the substance of Mr. Charlton's statements in this interview is deemed important to you in the findings of facts, you should consider the failure to electronically record the interview, and the destruction of the police officer's handwritten notes, in assessing the accuracy and credibility of testimony.

<u>ARGUMENT</u>

Defendant requests that the Court instruct the jury to exercise caution in evaluating the accuracy and credibility of testimony concerning statements made by Mr. Charlton in his interview with police officers, in light of the fact that the interview was not recorded and that handwritten notes taken during the interview were destroyed.  A proposed instruction is attached.

A recording of police interviews with defendants provides a jury with a complete version of precisely what a defendant did or did not say in a statement or confession.  Had defendant been tried in a Massachusetts state court, he would be entitled to an instruction to the jury that, "because of the absence of any

recording of the interrogation in the case before them, they should weigh evidence of the defendant's alleged statement with great caution and care." Commonwealth v. Digiambattista, 442 Mass. 423, 447-48 (2004)(where "interrogating officers have chosen not to preserve an accurate and complete recording of the interrogation, that fact alone justifies skepticism of the officers' version of events, above and beyond the customary bases for impeachment of such testimony").

This cautionary instruction is particularly needed here, where Brockton Police Detective Delahoy testified in this case that he destroyed notes of defendant's questioning. This not only calls into question the reliability of testimony concerning defendant's statements to the police; it is also a violation of the spirit, and perhaps the letter, of the local federal discovery rules. Local Rule 116.9(A) requires the preservation of all contemporaneous notes memorializing matters relevant to charges in the indictment made by a law enforcement officer whose agency was participating in an investigation intended to result in a federal indictment. Attached to INSTRUCTION NO. 5 as Exhibit A. Detective Delahoy was participating in a Joint ATF Taskforce.

The proposed instruction is an appropriate remedy for the government's failure to safeguard the reliability of its evidence in a manner required by state and federal courts.  The government should not be permitted to gain an unfair advantage by its choice to prosecute this case in federal rather than state court.

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6</u>

STATEMENTS OF DEFENDANT

You have heard evidence that Mr. Charlton made statements in which the government claims he admitted certain facts.

It is for you to decide whether Mr. Charlton made the statements, and if so, the credibility of this statement and how much weight to give it.  In determining the weight or trustworthiness of the statement, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts tending to corroborate or contradict the version of events described in the statement.

Adapted from Instruction 2.11 of the Pattern Criminal Jury Instructions for the District Courts of the First Circuit.

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7</u>

MERE PROXIMITY

Evidence that Mr. Charlton was close to an area in which the gun was found, or mere association with the person who did control the firearm is insufficient to support a finding of posses

sion. <u>United States v. Wilson</u>, 722 F.2d 1336, 1339 (7th Cir. 1991); <u>United States v. Beverly</u>, 750 F.2d 34, 37 (6th Cir. 1984); <u>Arellanes v. United States</u>, 302 F.2d 603, 606 (9th Cir.), <u>cert. denied</u>, 444 U.S. 930, 83 S.Ct. 294 (1962).