**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10306-PBS |
| | ) | |
| TREVOR CHARLTON | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30 and the Court's Order Setting Criminal Case for Trial, the

United States of America hereby submits its requests for jury instructions in the above-captioned

action. The government respectfully reserves the right to supplement, modify, or withdraw these

instructions in light of the defendant's proposed jury instructions or developments at trial.


Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:    /s/Robert E. Richardson
ROBERT E. RICHARDSON
Assistant U.S. Attorney
(617) 748-3247

## TABLE OF CONTENTS

Instruction No.

1          Presumption of Innocence; Burden of Proof; Reasonable Doubt

2          Function of the Jury

3          Direct and Circumstantial Evidence; Inferences

4          Credibility of Witnesses

5          Credibility -- Prior Inconsistent Statements

6          Expert Testimony

7          Stipulations of Fact

8          Punishment

9          "On or About"

10         Proof May Be Disjunctive

11         The Indictment

12         Prior Felony Conviction

13         Possession -- Actual and Constructive

14         Definition of Firearm

15         Knowledge

16         Proof of Knowledge

17         Interstate Commerce

## INSTRUCTION NO. 1

## PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

As you know, this is a criminal case in which the United States has charged the defendant with committing a crime.  Like every criminal case, the defendant is presumed by law to be innocent.  This presumption of innocence stays with the defendant throughout the course of the trial.  It can be overcome only when the United States introduces during the trial competent evidence that satisfies its burden of convincing you beyond a reasonable doubt with respect to every element of the offense.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty of the crime charged.  This burden of proof rests on the United States and never shifts to the defendant.  The defendant is not required to prove anything to you or to present any evidence at all.  If the United States fails to meet its burden of proof as to the defendant, then you must acquit the defendant.  If, however, the government does meet its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.  Proof beyond a reasonable doubt is a phrase often used but difficult to define. It is proof that leaves you firmly convinced that the defendant is guilty.  A reasonable doubt is not doubt in the mind of a juror who is looking for doubt or who is looking for a reason to acquit a defendant.  It is doubt in the mind of a reasonable juror who is earnestly seeking the truth.  As the words themselves imply, it is doubt based on reason and common sense.

**INSTRUCTION NO. 1 (Cont.)**

**PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT**

Reasonable doubt is not doubt beyond all possibility of doubt, beyond every conceivable doubt, or beyond a shadow of a doubt.  The United States is not required to prove the charges to an absolute or mathematical certainty since there are few things in this world that we can know with absolute certainty.  Thus, the law does not require that the United States prove its case to the same degree of certainty that you all have when you add two plus two and get four.  As I stated earlier, proof beyond a reasonable doubt is proof that leaves you, as reasonable persons, firmly convinced of a defendant's guilt.

Pattern Criminal Jury Instructions,  §S21, Federal Judicial Center (1982); United States v. DeVincent, 632 F.2d 147, 152-153 and n.7 (1st Cir.), cert. denied, 449 U.S. 986 (1980)(reasonable doubt); United States v. Gibson, 726 F.2d 869, 873-874 (1st Cir.), cert. denied, 466 U.S. 960 (1984);  United States v. Munson, 819 F.2d 337, 345-346 (1st Cir. 1987) United States v. Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988); United States v. Jorge, 865 F.2d 6, 10-11 (1st Cir. 1989); United States v. Campbell, 874 F.2d 838, 841-843 (1st Cir. 1989).

**INSTRUCTION NO. 2**

**FUNCTION OF THE JURY**

The function of you as jurors is to determine the facts.  You are the sole and exclusive judges of the facts.  You alone decide the weight, the effect and the value of the evidence.  You also decide the credibility -- that is, the believability -- of the witnesses.  Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you to decide whether the defendant is guilty or not guilty of the charge that the United States has brought against him.

You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence.  Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict.  In the same vein, you may not consider any personal feelings you may have about the race, religion, national origin, sex or age of the defendant or any witness who testified during the trial.

You are not to decide the case based on what you have heard or read outside the courtroom or according to any guesswork or speculation.  You cannot speculate or guess what might or might not have happened nor can you allow yourselves to be influenced by your view of the nature of the crime with which the defendant has been charged or the consequences of your verdict.  Instead, you must confine your deliberations to the evidence and nothing but the evidence.

See Devitt and Blackmar, Federal Jury Practice and Instructions, § 15.01 (3d ed. 1977 and 1990 cum. supp.).

## INSTRUCTION NO. 3

## DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that's been presented during the course of this trial. That is the power to draw inferences.

To set the stage for discussing inferences, let me tell you that there are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is evidence of what a witness sees, hears, touches, or in some other way perceives with one of his or her senses. Circumstantial evidence exists where a witness does not testify directly about the fact that is to be proved, but you are presented with evidence of other facts and asked to draw reasonable inferences from them about the fact which is to be proved.

What do I mean by an inference? Let me begin, first of all, with an abstract or theoretical definition of an inference. An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses – you must use

6

**INSTRUCTION NO. 3 (Cont.)**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES**

your collective and general knowledge to determine whether that element has been established

by inferences reasonably drawn from other evidence.  Any inference which you draw from such

facts must be a reasonable and natural one and not merely conjecture or guesswork.

Circumstantial evidence alone may be sufficient to convict a defendant if it persuades

you beyond a reasonable doubt that the defendant is guilty of the offense alleged in the

Indictment.

United States v. Clifford, 979 F.2d 896 (1st Cir. 1992); United States v . Wight, 968 F.2d 1393, 1395 (1st Cir. 1992); United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

## INSTRUCTION NO. 4

## CREDIBILITY OF WITNESSES

In performing your role as jurors, your function, ladies and gentlemen, is to evaluate the exhibits that have been introduced and to determine and judge the credibility of the witnesses' testimony.  What do I mean by credibility?  That is simply another word for "believability."  It is your function and your function alone to determine the believability of the witnesses who came forward and testified.  You are free to decide that you believe all of what a witness told you, none of what a witness told you, or some of what a witness told you.  You're free to do that in accordance with your collective judgment as to the believability of what it was that the witness told you while on the witness stand.

Now, how do you go about making this critically important judgment about the believability of what the witnesses told you while they were testifying?  Having raised the question, I tell you that I cannot -- indeed, nobody can -- tell you all of the ways that you go about making this important judgment about credibility.  I can suggest to you, however, some of the things that you should consider in making that judgment.  You should consider, for example, the conduct and demeanor of the witness while testifying, the frankness or lack of frankness that the witness showed while testifying, the reasonableness or the unreasonableness of the testimony itself, the probability or improbability of that testimony, the opportunity or lack of opportunity that the witness had to see and know the facts about which he or she was testifying, the accuracy of the witness's recollection, the degree of intelligence shown by the witness, and whether the

**INSTRUCTION NO. 4 (Cont.)**

**CREDIBILITY OF WITNESSES**

witness has attempted to fill in gaps in his or her memory of events with information he or she

obtained after the event. You may also consider whether the witness has a motive for testifying

and, of course, the interest or lack of interest that the witness may have in the outcome of the

case. You should take into consideration the character and the appearance of the witness at trial

and any bias he or she has shown in his or her testimony. The list is not exhaustive. It is, rather,

a list of examples of the things you may take into account and should take into account in

making that judgment.

United states v. Hardy, No. 91-10180-K, charge to the Jury (D. Mass. Nov, 13, 1991) (Keeton, J.).

## INSTRUCTION NO. 5

## CREDIBILITY OF WITNESSES - PRIOR INCONSISTENT STATEMENTS

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial. You should keep in mind, of course, that a simple mistake or inadvertent omission by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement or omission, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Pattern Jury Instructions - Criminal Cases, §6.1, District Judges Association, Eleventh Circuit (1985).

## INSTRUCTION NO. 6

## EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability or the methods used, and all the other evidence in the case.

Devitt and Blackmar, Federal Jury Practice and Instructions, §15.22 (3rd ed. 1977) (modified).

## INSTRUCTION NO. 7

## STIPULATIONS OF FACT

During the presentation of evidence, a stipulation between the government and the defendants was read to you.  This means simply that both sides accept as fact the proposition stated in the stipulation.  In other words, there is no disagreement as to that fact and you must accept it as fact.

See Federal Judicial Center, Pattern Criminal Jury Instructions, 12 (1988).

**INSTRUCTION NO. 8**

**PUNISHMENT**

The punishment provided by law for the offense charged in the indictment is a matter solely for the judge to decide.  The jury should make its decision as to whether a defendant is guilty or not guilty solely on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

U.S. Fifth Circuit District Judges Association, <u>Pattern Jury Instructions</u> (Criminal Cases) 21 (1979); Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 18.02 (3d ed. Supp. 1982).

# **INSTRUCTION NO. 9**

## **"ON OR ABOUT"**

You will note that the indictment charges that the offense was committed "on or about" a certain date rather than "on" a certain date. The proof need not establish with certainty the exact dates of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on dates reasonably near the dates alleged.

---

1 Mod. fed. Jury Instructions, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (3d ed. 1977); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

## <u>INSTRUCTION NO. 10</u>

## <u>PROOF MAY BE DISJUNCTIVE</u>

To the extent the Indictment uses the conjunctive word "and," it is sufficient if the government proves the offense in the disjunctive, as if the word "or" had been used.

## INSTRUCTION NO. 11

## THE INDICTMENT

With these preliminary instructions in mind, I will now turn to the charge against the defendant in the Indictment.  An Indictment is not evidence.  It merely describes the charges made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

The defendant has pleaded "not guilty" to the charge in the Indictment.  When a defendant pleads "not guilty," the government has to prove each of the things that is a part of the definition of an offense charged in the Indictment.  We commonly call the things the government has to prove as to a particular offense the "elements" of that offense.  The government has the burden of establishing each of these elements by proof beyond reasonable doubt.

The Indictment charges the defendant with violating Section 922(g)(1) of Title 18 of the United States Code.  This is a criminal statute that provides that it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition in or affecting commerce.  Thus, in order to find a defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

> 1.      That, at the time of possession, the defendant, was a felon, that is, that he was previously convicted in any court of a crime punishable by

## INSTRUCTION NO. 11 (Cont.)

## THE INDICTMENT

imprisonment for a term exceeding one year;

2.     That the defendant knowingly possessed a firearm; and

3.     That such possession was in or affecting commerce.

18 U.S.C. §922(g)(1); Leonard B. Sand et al., Modern Federal Jury Instructions, Instruction No. 3-1 (1993); see First Circuit Pattern Jury Instructions (Criminal), §1.02 (West 1998); 1 Mod. fed. Jury Instructions, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (3d ed. 1977); United States v. Ramos, 961 F.2d 1003 (1st Cir. 1992); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

## INSTRUCTION NO. 12

## PRIOR FELONY CONVICTION

The first element of crime charged in the indictment, which the government must prove, is that the defendant, Trevor Charlton, was a felon at the time of his possession of firearm, that is, that he had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year. The government and the defendant have stipulated that the defendant was in fact a felon prior to July 25, 2004. Therefore, the government has satisfied this element.

18 U.S.C. §922(g)(1).

## INSTRUCTION NO.13

## POSSESSION -- ACTUAL AND CONSTRUCTIVE

The second element  the government must prove to you beyond a reasonable doubt is that the defendant knowingly possessed the firearm charged in the Indictment.

The law recognizes two kinds of possession: actual possession and constructive possession.  A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object.  A person who physically holds an object or knowingly has it on his person is in actual possession of the object.

Even when a person does not actually possess an object, however, he may be in constructive possession of it.  Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object, either directly or through others.  For example, you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today.  Though you are not in actual possession of such items at this moment, you are in constructive possession of them.  The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct evidence or by circumstantial evidence.  Possession may be solely with one person or may be shared jointly by two or more persons.  Possession may be actual or constructive.  It is not necessary to prove that the defendant owned the firearm to prove possession.  The element of possession is proved as to

**INSTRUCTION NO.13 (Cont.)**

**POSSESSION -- ACTUAL AND CONSTRUCTIVE**

the defendant  if you find beyond a  reasonable doubt that the defendant had actual or

constructive possession, either alone or jointly with one or more others, of the firearm charged in

the indictment.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997); United States v. Boykin, 986 F.2d 270, 274
(8th Cir.), cert. denied, 510 U.S. 888, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993); United States v.
Wight, 968 F.2d 1393, 1397-98 (1st Cir. 1992); United States v. Ladd, 877 F.2d 1083, 1087 (1st
Cir. 1989); United States v. Lamare, 711 F.2d 3, 5 (1st Cir. 1983); United States v. Flores, 679
F.2d 173, 177 (9th Cir. 1982), cert. denied, 459 U.S. 1148 (1983); United States v. Alverson, 666
F.2d 341, 345-46 (9th Cir. 1985); United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert.
denied, 414 U.S. 866 (1973); Devitt and Blackmar, Federal Jury Practice and Instructions,
§§ 16.05, 36.12 (4th ed. 1990); and Sand, Modern Federal Jury Instructions, No. 35-54 (1989).

**INSTRUCTION NO. 14**

**DEFINITION OF FIREARM**

The possession to which I have referred must be of a "firearm".  The term "firearm"

means any weapon which will or is designed to or may readily be converted to expel a projectile

by the action of an explosive.

18 U.S.C. §§921(a)(3) and 921 (17)(A).

**INSTRUCTION NO. 15**

**KNOWLEDGE**

The government must also establish beyond a reasonable doubt that the defendant was in underlined-knowing possession of a firearm.  This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing a firearm.  To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing the firearm referred to in the indictment.  Again, the possession may be either actual or constructive.  In addition, the possession may be either joint or sole.

United States v. Ramos, 961 F.2d 1003, 1005 (1st Cir. 1992); United States v. Lamare, 711 F.2d 3, 6 (1st Cir. 1983);  United States v. Freed, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d)); United States v. Powell, 513 F.2d 1249, 1251 (9th Cir.) (per curiam), cert. denied, 423 U.S. 853 (1975); United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.);  Devitt and Blackmar, Federal Jury Practice and Instructions, §59.04 (3d ed. 1977 and 1990 cum. supp.).

## INSTRUCTION NO. 16

## PROOF OF KNOWLEDGE

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, the jury may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

A firearm is possessed knowingly if it is possessed voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.); Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.07 (4th ed. 1990); Sand, Modern Federal Jury Instructions, No. 6-17 (1993).

## INSTRUCTION NO. 17

## INTERSTATE COMMERCE

The third element that the government must prove beyond a reasonable doubt is that the defendant's knowing possession of the firearm was in or affecting commerce. The term "in or affecting commerce" simply means that the object must have had some minimal link to interstate commerce. This element is satisfied if it is established that at some time during the life of the firearm it moved across a state line or international boundary.

It is not necessary for the government to prove that the defendant purchased the firearm in some other state or country and personally carried it into Massachusetts. Nor must the government prove who did purchase the firearm or how it arrived in Massachusetts. In addition, the government does not have to prove that the defendant knew that the firearm had crossed state or national boundary lines. All that is required is proof that the firearm had traveled in interstate or foreign commerce by moving across a state or national boundary line at any time prior to the defendant's alleged possession of it.

Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977); United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988); United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975); Devitt and Blackmar, Federal Jury Practice and Instructions, §59.40 (3d ed. 1977 and 1990 cum. supp.); Sand, Modern Federal Jury Instructions, No. 35-55 (1989).