UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
            v.                    )     CRIMINAL NO. 04-10306-PBS
                                  )
TREVOR CHARLTON                   )

### GOVERNMENT'S RESPONSES TO DEFENDANT'S MOTIONS IN LIMINE

The government respectfully submits herewith its response to the defendant's motions in limine.

### The Roberson and St. Louis Criminal Records Should Be Excluded

The defendant has moved under Fed. R. Evid. 404(b) for admission of the previous convictions of Paul Roberson and Steve St. Louis – two individuals who were near the defendant at the time the firearm in this case was recovered – for unlawful possession of a firearm. The defendant argues that "evidence of [Roberson's and St. Louis's] . . . gun possession is plainly relevant, as he was standing in close proximity to the firearm charged in this case." But Rule 404(b) expressly provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Here, the conviction convictions in question are relevant only for this forbidden purpose: the defendant seeks their admission in order to suggest to the jury that, because each of these individuals possessed a firearm on one occasion, he more likely possessed it on this occasion. Such a use of 404(b) evidence is impermissible, even when offered by a

defendant.  United States v. Lucas, 357 F.3d 599, 605-06 (6th
Cir. 2004)(district court properly excluded evidence proffered by
defendant in drug case that third party had previously been
convicted of cocaine offense).

The case cited by the defendant in support of the motion,
United States v. Stevens, 935 F.2d 1380, 1402 (3d Cir. 1991), is
readily distinguishable.  In Stevens, the 404(b) evidence
proffered by the defendant tended to show that a crime very
similar in material respects to the crimes with which the
defendant was charged had not been committed by the defendant,
evidence that would have supported the defendant's theory that
all three similar crimes were committed by the same person and
that that person was not him.  Here, the only apparent similarity
between the Roberson and St. Louis convictions and the crime
charged in the case at bar are that all three entailed gun
possession.

Indeed, the Third Circuit itself recently made clear that
Stevens does not apply in situations such as this.  In United
States v. Williams, 458 F.3d 312 (3d Cir. 2006), the defendant
was convicted of the same charge that the defendant faces here:
possession of a firearm by a convicted felon (18 U.S.C. §
922(g)(1)).  At trial, the defendant sought, unsuccessfully, to
introduce evidence that another man with whom the defendant had
been arrested had previously been convicted of possessing a

2

firearm.  Id. at 313.  The defendant appealed, arguing that the
district court should have admitted the evidence under Stevens.
The Third Circuit rejected this argument, stating, inter alia:

> As explained herein, [the defendant] misreads
> Stevens, and we write to clarify that Rule
> 404(b)'s proscription against propensity
> evidence applies regardless of by whom, and
> against whom, it is offered.  Under Stevens,
> we grant defendants more leeway in
> introducing "bad acts" evidence under one of
> the Rule 404(b) exceptions-requiring only
> that its probative value is not substantially
> outweighed by Rule 403 considerations such as
> unfair prejudice, undue delay or confusion of
> the issues.  But Stevens did not afford
> defendants more leeway in admitting
> propensity evidence in violation of the
> prohibition of Rule 404(b).  Because the only
> purpose for which [the defendant] sought to
> introduce [the other man's] prior conviction
> was to show that he has a propensity to carry
> firearms, the District Court correctly
> excluded the evidence.

Williams 458 F.3d at 314.

Similarly, the Roberson and St. Louis convictions here are
offered solely to show that Roberson and St. Louis have a
propensity to carry firearms and, as classic propensity evidence
that is inadmissible under Rule 404(b), should be excluded.  In
the event the Court does rule these convictions, the Court should
allow the government, on the same theory, to introduce evidence
that the defendant was adjudicated a juvenile delinquent in 1991
based on his unlawful possession of a firearm.

## This Court Should Not Preclude Use of the Term "Felony" or "Felon"

The defendant also has moved that the terms "felon" and "felony" not be used at trial, arguing that such terms are not used in the relevant statute, which instead speaks in terms of a "crime punishable by imprisonment for a term exceeding one year." But the common definition of "felony" is precisely that: an offense punishable by imprisonment for a term exceeding one year. See, e.g., U.S.S.G. § 2L1.2, comment. n.2.  There is nothing in the definition at issue here, 18 U.S.C. § 921(a)(20), that provides that the felon-in-possession statute can apply to anyone previously convicted of an offense punishable only by a year or less.  To the contrary, the definition of "crime punishable by a term of imprisonment exceeding one year" is *narrower* than the common definition of felony under federal law: it does not include certain crimes at all that otherwise are felonies, such as antitrust violations, and it does not include offenses that a state calls misdemeanors and are punishable by two years or less. The offenses that do satisfy the definition all readily meet the ordinary definition of "felony" under federal law.

Moreover, courts discussing offenses under 18 U.S.C. § 922(g)(1), including the First Circuit, routinely use the terms "felon" and "felony."  See, e.g., United States v. Chevere, 368 F.3d 120 (2d Cir. 2004); United States v. Darrington, 351 F.3d 632 (5th Cir. 2003); United States v. Snyder, 235 F.3d 42 (1st

4

Cir. 2000).

Finally, the government does not believe use of the term "felon" or "felony" has the prejudicial effect the defendant perceives.  Rather, the terms are simply short-hand – and accurate – words to use in the place of the otherwise unnecessarily awkward phrase "crime punishable by imprisonment for a term exceeding one year."

Accordingly, the defendant's motion should be denied.

**Officers' Prior Knowledge of the Defendant**

The defendant has moved to exclude certain testimony of the Brockton Police regarding their prior knowledge of the defendant. As the defendant accurately notes, officers at the suppression hearing indicated that they knew the defendant prior to July 25, 2004 as either "Kurt" or "Kirk"; that, based on a radio broadcast using this as the name of the suspect involved in what then was believed to be a shooting, they believed the reference to be the defendant; and that they knew the defendant either to have been convicted previously for felonies, including assaults and batteries involving knives, or to have been charged with such offenses.

As was the case at the first trial of this matter, the government does not intend to elicit from the officers testimony about how they knew the defendant previously, including that they knew him to have previous arrests and convictions.  The

government does, however, intend to elicit testimony that officers responding to the scene of what initially was reported as a shooting heard that a person named "Kurt" had left that scene in a cab and proceeded to Ellsworth Street; that they knew that name to be a nickname used by the defendant; and that they believed the reference to be to him.  This evidence can be adduced without indicating that the police knew the defendant based on past arrests and convictions.  It is, moreover, necessary in order to explain the officers' conduct when they arrived at Ellsworth Street, including their actions in approaching the defendant and the others in the first place and in handcuffing them when the gun was discovered.

**CONCLUSION**

For the foregoing reasons, this Court should deny the defendant's motions in limine except to the extent set forth above.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /S/Robert E. Richardson
     ROBERT E. RICHARDSON
     Assistant U.S. Attorney

6

## CERTIFICATE OF SERVICE

I, Robert E. Richardson, hereby certify that this documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 29, 2007.


/s/Robert E. Richardson
ROBERT E. RICHARDSON