UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
        v.                      )        CRIMINAL NO. 04-10306-PBS
                                )
TREVOR CHARLTON                 )


DEFENDANT'S SUPPLEMENTAL MOTION IN LIMINE
TO ADMIT EVIDENCE OF PRIOR GUN POSSESSION
BY PAUL ROBERSON AND STEVE SAINT LOUIS

        Defendant seeks to admit evidence that two of the
individuals, Paul Roberson and Steve Saint Louis, who were
present and in the vicinity when the gun at issue was recovered
were both convicted of unlawful possession of a firearm.  This
Court previously ruled that such evidence was admissible.  At a
pretrial hearing, the court pointed out that the defendant should
be able to establish that guns are readily available, a fact with
which the jury may not be familiar.[1]

        A defendant may introduce other crimes evidence if it is
relevant in that it tends to negate the defendant's guilt
(Fed.R.Evid. 401), and if its probative value is not outweighed
by confusion of the issues, undue delay, or misleading the jury
(Fed.R.Evid. 403).  Here, evidence of Roberson's and Saint Louis'
gun possession is plainly relevant, as they were standing in
close proximity to the firearm charged in this case.

_____

        [1]    At trial Officers Richard Linehan and Eric Hilliard
both testified that 37 Ellsworth Street, Brockton is in a high
crime neighborhood.  Trial transcript day 2, pp. 38-39, 56-57.

Furthermore, proof of the convictions is straightforward: defendant will establish the convictions by calling one of the arresting officers and offering certified copies of the convictions.  There is thus a low likelihood that the issue will cause delay or confusion.

"Rule 404(b) does not exclude evidence of prior crimes of persons other than the defendant." United States v. Gonzalez-Sanchez, 825 F.2d 572, 583 (1st Cir. 1987).  Where the evidence is not being admitted to show that "the defendant has a criminal disposition and that he can be expected to act in conformity therewith ... the policies underlying Rule 404 (b) are inapplicable." United States v. Morano, 697 F.2d 923 (11th Cir. 1983), citing United States v. Krezdorn, 639 F.2d 1327, 1333 (5th Cir. 1981)(dictum).  The risks of prejudice are normally absent when the defendant offers similar acts evidence of a third party to prove some fact pertinent to the defense. United States v. Aboumoussallem, 726 F.2d 906, 911 (2nd Cir 1984).  "[T]he standard of admissibility when a criminal defendant offers similar acts evidence as a shield need not be as restrictive as when a prosecutor uses such evidence as a sword." Id.

The defense in the present case is that the gun found at 37 Ellsworth Street in Brockton belonged to one of the other four people who were present and in the vicinity of the gun when the police arrived.  Defendant seeks to offer exculpatory evidence to show that two of these individuals had the opportunity to acquire guns and that guns were readily available and accessible.  This evidence goes to the heart of the defense.

"Whether rooted directly in the Due Process clause of the Fourteenth Amendment or in the Compulsory Process clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Holmes v. South Carolina, 547 U.S. 319, 324; 126 S.Ct. 1727 (2006) citing Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142 (1986).  This right is abridged by evidence rules that "infringe upon a weighty interest of the accused" and are arbitrary or disproportionate to the purposes they are designed to serve.  Holmes 547 U.S. at 324.

                              TREVOR CHARLTON
                              By his attorneys,

                              /s/ Catherine K. Byrne
                              Catherine K. Byrne
                                 B.B.O. # 543838

                              /s/ Stylianus Sinnis
                              Stylianus Sinnis
                                 B.B.O. # 560148
                              Federal Defender Office
                              408 Atlantic Ave., 3rd Floor
                              Boston, MA  02110
                              Tel: 617-223-8061

Certificate of Service

I, Catherine K. Byrne, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 6, 2007.

/s/ Catherine K. Byrne
Catherine K. Byrne