UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.             )<br>)<br>**TREVOR CHARLTON**        ) | CRIMINAL NO. 04-10306-PBS |

### GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION IN LIMINE

The government respectfully submits herewith its supplemental response to the defendant's motion in limine seeking admission of firearms convictions of Paul Roberson and Steve St. Louis, two individuals who, along with the defendant and two others, were present when the police recovered the firearm with which the defendant is charged. For the reasons that follow, because the proffered evidence runs afoul of Fed. R. Evid. 404(b) ("Rule 404(b)"), the motion should be denied.

As pointed out in the government's initial opposition to this motion, the Third Circuit dealt recently with virtually the identical situation presented here and held that the District court had correctly ruled the evidence inadmissible. In United States v. Williams, 458 F.3d 312 (3rd Cir. 2006), the defendant, charged with being a felon in possession of a firearm, attempted to introduce evidence that a man with whom he had been arrested had previously been convicted of possessing a firearm. In upholding the district court's decision to exclude this evidence, the Third Circuit stated: "We . . . reject [the defendant's] argument [that Rule 404(b) only operates to exclude prior bad

acts of the defendant], and affirm that the prohibition against the introduction of bad acts evidence to show propensity applies regardless of whether the evidence is offered against the defendant or a third party." Williams, 458 F.3d at 317-18 (citing, inter alia, United States v. Lucas, 357 F.3d 599, 605 (6th Cir. 2004), and United States v. McCourt, 925 F.2d 1229, 1235 (9th Cir. 1991)).  Here, the defendant is seeking to do precisely that which the Third Circuit rejected: he is attempting to use Roberson's and St. Louis's firearms convictions to suggest that they have a propensity to possess guns and thus might have done so in this case.  Other acts offered for this purpose are inadmissible under Rule 404(b).

To be sure, the defendant quotes United States v. Gonzalez-Sanchez, 825 F.2d 572, 583 (1st Cir. 1987), for the proposition that "Rule 404(b) does not exclude evidence of prior crimes of persons other than the defendant."  However, as the Ninth Circuit aptly pointed out in McCourt, a case in which it "conclude[d] that Rule 404(b) applies to third persons," 925 F.2d at 1236, in Gonzalea-Sanchez the *government* had offered the evidence at issue, and it was offered, not to show propensity on the part of a third party, but rather for a different, legitimate purpose under Rule 404(b).  McCourt, 925 F.2d at 1233.  Indeed, the First Circuit itself, while questioning whether the evidence fell within the ambit of Rule 404(b) because it did not involve the

defendant, noted that the evidence was probative of the defendant's intent.  Gonzalez-Sanchez, 825 F.2d at 583.  Given that the evidence was admissible in any event under Rule 404(b), the First Circuit's statement that Rule 404(b) does not exclude evidence of prior crimes of anyone other than a criminal defendant is dictum.[1]

Indeed, it is not just dictum, but dictum that is wholly at odds with the plain language of Rule 404(b).  Rule 404(b) provides, inter alia, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of *a person* in order to show action in conformity therewith."  (Emphasis added).  The Rule accordingly is not limited to criminal defendants, nor even to witnesses, but rather applies broadly to "any person."  The McCourt court found this significant, particularly given that in other rules – specifically, in Rules 404(a)(1), 404(a)(2), 404(a)(3), 607, 608, and 609 – Congress demonstrated that it knew how to specify with precision the class of individuals – victim, defendant, witness – to whom a given provision applied.  McCourt, 925 F.2d at 1231-32.  Congress thus can be presumed to have meant

---

[1] The defendant also cites United States v. Aboumoussallem, 726 F.2d 906, 911 (2nd Cir. 1984), in support of his claim that Rule 404(b) applies only to criminal defendants.  As the Ninth Circuit pointed out in McCourt, however, the defendant in Aboumoussallem offered evidence of bad acts of third parties, not for propensity-based purposes, but rather to establish their modus operandi, again a legitimate purpose for offering other-acts evidence under Rule 404(b).  See McCourt, 925 F.2d at 1234.

what it said when it provided that the proscriptions of Rule 404(b) apply, not just to defendants, nor even just to witnesses, but rather to "any person," a description that clearly encompasses Messrs. Roberson and St. Louis.

To be sure, the defendant suggests that the proffered evidence goes to more than just propensity: specifically, to the opportunity of these individuals to acquire guns and to the general accessibility of guns. But the Williams court rejected the proposition that a prior conviction for gun possession supplies a third party with an "opportunity" to commit a new crime of gun possession, absent proof that the prior conviction involved the same gun, or at least the same type of gun, evidence that apparently is as lacking here as it was in Williams. 458 F.3d 318; see also Lucas, 357 F.3d at 606. Indeed, while the defendant maintains that this evidence goes to the heart of his defense, in fact the accessibility of handguns in Brockton applies as much to the defendant himself as it does to Roberson and St. Louis.

In the event the Court nonetheless does conclude that the Roberson and St. Louis convictions are admissible to show their opportunity to possess firearms, the Court should permit the government to adduce evidence of the defendant's juvenile adjudication for possession of a firearm to show that he, too, had the opportunity to possess firearms. Any other result would

permit the defendant to use Rule 404(b) as both a sword and a shield and to paint a wholly misleading picture for the jury.

Finally, the defendant suggests that exclusion of this evidence would deprive him of a meaningful opportunity to present a complete defense.  However, as the Sixth Circuit held in Lucas, "a complete defense does not imply a right to offer evidence that is otherwise inadmissible under the standard rules of evidence." Lucas, 357 F.3d at 606 (citations omitted).

The bottom line is that the defendant is seeking to offer evidence of the Roberson and St. Louis convictions for precisely the purpose that Rule 404(b) forbids: to present "other crimes [gun possessions on other occasions] . . . to show action in conformity therewith [gun possession on this occasion]."  As the Third Circuit made clear in Williams, "Rule 404(b)'s proscription against propensity evidence applies regardless of by whom, and against whom, it is offered."  Williams, 458 F.3d at 314. Because this is so, the defendant's motion seeking admission of the Roberson and St. Louis convictions should be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny the defendant's motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /S/Robert E. Richardson
ROBERT E. RICHARDSON
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Robert E. Richardson, hereby certify that this documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 21, 2007.

/s/Robert E. Richardson
ROBERT E. RICHARDSON
