```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

**UNITED STATES OF AMERICA** )
)
    v. )   CRIMINAL NO. 04-10306-PBS
)
**TREVOR CHARLTON** )

<u>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR JUROR QUESTIONNAIRE**</u>

    The government respectfully submits herewith its response to the defendant's motion for a juror questionnaire in this case. As indicated at the last conference in this matter, the government does not object in principle to the defendant's proposed questionnaire. The government does, however, object to certain details of the proposed questionnaire, as follows:

    First, as a technical matter, the proposed questionnaire contains, as part of the instructions, the statement: "Please keep in mind that you are answering these questions under oath and must be truthful." The government is not sure that answers to the questionnaire, absent some procedure of which the government is not aware, would actually be under oath. The government suggests that, instead, this part of the instructions read, "Please keep in mind that, without revealing the answers you gave to the following questions, the Judge will ask all the potential jurors as a group, under oath, whether the answers were truthful, so your responses to these questions must be truthful."

    Second, the government objects to the following language as unnecessary: "You have no legal obligation to like or feel

comfortable with a black person but you do have an obligation to tell the court your feelings candidly and accurately." The language discussed above should be more than sufficient to impress upon the potential jurors that they must be truthful.

Third, the first sentence included as part of the first proposed question is identical to the language just discussed and apparently was repeated here inadvertently. It should be deleted.

Fourth, the government objects to the second question as it stands. The proposed question reads, "Do you believe that black men are more likely than members of other races to commit crimes?" The difficulty with the question as phrased is that a potential juror might believe that the crime rate is higher in certain communities for socio-economic reasons rather than because that juror believes that members of that community are inherently more likely to commit crimes. Such a juror could be entirely capable of deciding this case based on the particular evidence and without regard to improper race-based considerations. The government thus proposes that, instead, the question read as follows: "Do you believe that a black man is inherently more likely to commit a crime than a member of another race simply because he is black?"

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  /S/Robert E. Richardson
                              ROBERT E. RICHARDSON
                              Assistant U.S. Attorney
```

**CERTIFICATE OF SERVICE**

I, Robert E. Richardson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 26, 2007.

```
                              /s/Robert E. Richardson
                              ROBERT E. RICHARDSON
```