UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10306-PBS |
| | ) | |
| TREVOR CHARLTON | ) | |

<u>DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTIONS</u>

Pursuant to Fed. R. Crim. P. 30, and the Court's instruction defendant, Trevor Charlton, requests the Court to include the following instructions as part of its proposed instructions to the jury. Defendant reserves the right to supplement or amend these requests.

                                        TREVOR CHARLTON
                                        By his attorneys,

                                        /s/ Catherine K. Byrne
                                        Catherine K. Byrne
                                            B.B.O. #543838

                                        /s/ Stylianus Sinnis
                                        Stylianus Sinnis
                                            B.B.O. #560148
                                        Federal Defender Office
                                        408 Atlantic Ave., 3rd Floor
                                        Boston, MA  02110
                                        Tel: 617-223-8061

<u>Certificate of Service</u>

I, Stylianus Sinnis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 6, 2007.

                                        /s/ Stylianus Sinnis
                                        Stylianus Sinnis

<u>DEFENDANT'S SUPPLEMENTAL REQUESTED JURY INSTRUCTION NO. 1</u>

FAILURE TO PRESERVE NOTES OR TO RECORD STATEMENTS

In this case you heard evidence that police officers did not record the interview of Mr. Charlton. You have also heard testimony that the only handwritten notes taken during the unrecorded portion of the interview were destroyed. To the extent that the substance of Mr. Charlton's statements in this interview is deemed important to you in the findings of facts, you should consider the failure to electronically record the interview, and the destruction of the police officer's handwritten notes, in assessing the accuracy and credibility of testimony.

<u>ARGUMENT</u>

Defendant requests that the Court instruct the jury to exercise caution in evaluating the accuracy and credibility of testimony concerning statements made by Mr. Charlton in his interview with police officers, in light of the fact that the interview was not recorded and that handwritten notes taken during the interview were destroyed. A proposed instruction is attached.

A recording of police interviews with defendants provides a jury with a complete version of precisely what a defendant did or did not say in a statement or confession. Had defendant been tried in a Massachusetts state court, he would be entitled to an

instruction to the jury that, "because of the absence of any recording of the interrogation in the case before them, they should weigh evidence of the defendant's alleged statement with great caution and care." Commonwealth v. Digiambattista, 442 Mass. 423, 447-48 (2004)(where "interrogating officers have chosen not to preserve an accurate and complete recording of the interrogation, that fact alone justifies skepticism of the officers' version of events, above and beyond the customary bases for impeachment of such testimony").

This cautionary instruction is particularly needed here, where Brockton Police Detective Delahoy testified in this case that he destroyed notes of defendant's questioning. This not only calls into question the reliability of testimony concerning defendant's statements to the police; it is also a violation of the spirit, and perhaps the letter, of the local federal discovery rules. Local Rule 116.9(A) requires the preservation of all contemporaneous notes memorializing matters relevant to charges in the indictment made by a law enforcement officer whose agency was participating in an investigation intended to result in a federal indictment. Attached to INSTRUCTION NO. 5 as Exhibit A. Detective Delahoy was participating in a Joint ATF Taskforce.

The proposed instruction is an appropriate remedy for the government's failure to safeguard the reliability of its evidence in a manner required by state and federal courts.  The government should not be permitted to gain an unfair advantage by its choice to prosecute this case in federal rather than state court.

<u>DEFENDANT'S SUPPLEMENTAL REQUESTED JURY INSTRUCTION NO. 2</u>

MERE PROXIMITY

Evidence that Mr. Charlton was close to an area in which the gun was found, or mere association with the person who did control the firearm is insufficient to support a finding of possession.  <u>United States v. Wilson</u>, 722 F.2d 1336, 1339 (7th Cir. 1991); <u>United States v. Beverly</u>, 750 F.2d 34, 37 (6th Cir. 1984); <u>Arellanes v. United States</u>, 302 F.2d 603, 606 (9th Cir.), <u>cert. denied</u>, 444 U.S. 930, 83 S.Ct. 294 (1962).

<u>DEFENDANT'S SUPPLEMENTAL REQUESTED JURY INSTRUCTION NO. 3</u>

Things Not Done

Reasonable doubt may also arise from the absence of evidence.  The fact that certain tests were not conducted or certain police procedures were not followed could raise a reasonable doubt as to the defendant's guilt.

<u>See</u> <u>Commonwealth v. Bowden</u>, 379 Mass. 472, 485-86 (1980).

<u>DEFENDANT'S SUPPLEMENTAL REQUESTED JURY INSTRUCTION NO. 4</u>

FAILURE TO CONDUCT FINGERPRINT TESTS PROPERLY

The fact that certain tests conducted by the police were inadequate may raise a reasonable doubt as to the defendant's guilt.  If you determine that it would be expected that tests would be conducted and would be conducted properly, and that the police failed to fulfill their responsibility, then you may draw a negative inference from such failure.  In other words, you may infer that such tests, if properly conducted, would have resulted in evidence favorable to the accused.

<u>See</u> <u>Commonwealth v. Bowden</u>, 379 Mass. 472, 485-86 (1980).